UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HINES IMMIGRATION LAW, PLLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> Executive Office for Immigration Review et al., <br><br> Defendants. | Civil Action No. 26-1018 (CJN) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE DECLARATION OF DR. JOSEPH GUNTHER**

# TABLE OF CONTENTS

Table of Contents................................................................................................................. i

Table of Authorities .......................................................................................................... ii

Background ......................................................................................................................... 1

Argument ............................................................................................................................ 1

Conclusion .......................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Corson & Gruman Co. v. Nat'l Labor Relations Bd.,*
  899 F.2d 47 (D.C. Cir. 1990) ........................................................................................... 3
*Equal Rts. Ctr. v. Post Props., Inc.,*
  633 F.3d 1136 (D.C. Cir. 2011) ................................................................................... 2, 3
*Food & Water Watch, Inc. v. Vilsack,*
  808 F.3d 905 (D.C. Cir. 2015) ........................................................................................ 2

**Statutes**

5 U.S.C. § 705 .......................................................................................................................... 1
8 U.S.C. § 1252(f)(1) .............................................................................................................. 3

The Executive Office for Immigration Review ("EOIR"), Department of Justice, Daren K. Margolin, in his official capacity as Director of the Executive Office for Immigration Review, and Acting Attorney General Todd Blanche[1], (collectively "Defendants"), respectfully file this opposition to Plaintiffs' Motion for Leave to File Declaration of Dr. Joseph Gunther in Support of Plaintiffs' Emergency Motion for a Stay Under 5 U.S.C. § 705 (ECF No. 10, "Pls. Mot.")[2] filed by Hines Immigration Law, PLLC, and The Advocates for Human Rights, ("Plaintiffs"). For the reasons outlined below, Plaintiffs' motion should be denied.

## BACKGROUND

Plaintiffs initiated this civil action on March 24, 2026. *See* Compl. (ECF No. 1). Plaintiffs purport to raise claims pursuant to the Administrative Procedure Act ("APA") and the First and Fifth Amendments by alleging that the Defendants adopted a policy to expedite the removal of non-detained citizens of Somalia. *See generally* Compl. The same day, Plaintiffs filed a motion seeking a "stay the Somali Fast-Track Policy." Pls. Mot. (ECF No. 3-1) at 39. Plaintiffs' motion for a stay is fully briefed. *See* Defs. Opp'n (ECF No. 11), Pls.' Reply (ECF No.13). On April 7, 2026, the Court heard oral argument on Plaintiffs' motion. At the end of oral argument, the Court directed the Defendants to respond to Plaintiff's motion for leave to file the declaration of Dr. Joseph Gunther, by noon on April 9, 2026.

## ARGUMENT

Plaintiffs seek leave to file the declaration of Dr. Joseph Gunther to rebut Defendants statement that there is no "Somali Fast-Track Policy" and in support of Plaintiff's Motion to Stay.

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d), Acting Attorney General Todd Blanche is automatically substituted for his predecessor.

[2]    Defendants do not challenge Plaintiffs' Motion for Leave to File Corrected Declaration of Alexis Dutt.

*See* Pls. Mot. (ECF No. 10) at 1-2. At oral argument, the undersigned counsel offered Defendants' opposition to the Declaration of Dr. Joseph Gunther ("Gunther Decl.") because the declaration is procedurally improper as it seeks to introduce new statistical evidence from what appears to be an expert witness for the first time as a standalone document that should have been included with Plaintiffs' original motion. *See* Local Civ. R. 65.1(c). Nevertheless, if the Court were inclined to consider the Gunther Declaration when deciding Plaintif's Motion to Stay, the declaration does not cure the defects in Plaintiffs' claims.

*First*, the Gunther Declaration does not establish that Plaintiffs have standing to pursue their claims. To establish standing, Plaintiffs must point to a concrete injury that is fairly traceable to the alleged illegal action and is likely to be redressed by a favorable court decision. *See* Defs.' Opp'n. (ECF No. 11) at 17 (quoting *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) and *Equal Rts. Ctr. v. Post Props., Inc.*, 633 F.3d 1136, 1138 (D.C. Cir. 2011)). The Gunther Declaration purports to show the results of an independent researcher's calculations of Somali and non-Somali immigration proceedings as collected from the CASE immigration court dataset posted monthly by the Executive Office for Immigration Review. *See* Gunther Decl. (ECF No. 10-1) at 1. The Gunther Declaration does not point to a concrete injury that Plaintiffs have suffered. For example, the Gunther Declaration does not identify any individual Somali cases where Plaintiffs provided legal services to the subject of the removal proceedings that were reassigned to a different immigration judge. *See generally* Gunther Decl. The Gunther Declaration fails to show how judge reassignments injured either Plaintiff. *See id*. The Gunther Declaration fails to identify any removal proceeding that was calendared at a different pace than non-Somali cases that injured Plaintiffs. *See id*. Moreover, the Gunther Declaration does not identify illegal

- 2 -

action on behalf of the Defendants. *See id.* And the Gunther Declaration does not show that any of Plaintiffs' alleged injuries are likely to be redressed by a favorable court decision. *See id.*

*Second*, the Gunther Declaration is irrelevant to subject matter jurisdiction. Instead, Defendants demonstrated that the Immigration and Nationality Act ("INA") and the REAL ID Act strip district courts of subject matter jurisdiction over claims arising from immigration removal proceedings. *See* Defs.' Mot. (ECF No. 11) at 20-36. The Gunther Declaration does nothing to overcome this jurisdictional barrier to Plaintiffs' claims.  At best, the Gunther Declaration invites the Court to consider impermissible injunctive relief in violation of 8 U.S.C. § 1252(f)(1) by allegedly reporting data on an entire class of aliens as opposed to "an individual alien against whom proceedings . . . been initiated." 8 U.S.C. § 1252(f)(1).

*Finaly*, the Gunther Declaration is prejudicial to Defendants because it was submitted outside of normal procedure, during expedited briefing, and was not provided to Defendants with sufficient time to gather the information necessary to rebut its contents. *See Corson & Gruman Co. v. Nat'l Labor Relations Bd.,* 899 F.2d 47, 50 n. 4 (D.C. Cir. 1990) (requiring parties to raise all of their arguments in their opening briefs "to prevent sandbagging[.]") Defendants were made aware of the Gunther Declaration the day before their response to Plaintiffs' emergency motion was due, and just one day before the Gunther Declaration was filed. On such a short time frame, Defendants have not been able to identify an individual who can attest to the information contained within the Gunther Declaration, or an individual to conduct the necessary research to rebut the Gunther Declaration on such short notice. Should this case proceed to merits briefing, Defendants reserve the right to respond to and rebut the Gunther Declaration at that time.

*    *    *

- 3 -

**CONCLUSION**

For these reasons, Plaintiff's Motion should be denied.

Dated: April 9, 2026                    Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney


                                        By:        */s/Kimberly A. Stratton*
                                            KIMBERLY A. STRATTON
                                            P.A. Bar #327725
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, DC 20530
                                            (202) 417-4216
                                            kimberly.stratton@usdoj.gov

                                        *Attorneys for the United States of America*

- 4 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HINES IMMIGRATION LAW, PLLC et al.,

      Plaintiffs,

    v.

Executive Office for Immigration Review et al.,

      Defendants.

Civil Action No. 26-1018 (CJN)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' response in opposition to Plaintiffs' Motion for Leave to File Declaration of Dr. Joseph Gunther in Support of Plaintiffs' Emergency Motion for a Stay Under 5 U.S.C. § 705, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is denied

SO ORDERED:

_____

Date

_____

Carl J. Nichols
United States District Judge